Blackford, J.
— “ We are of opinion that, upon the facts, the com *408 plainant is entitled to a decree. The complainant’s possession under his conveyance from Caster, was adverse to the title, whatever it might be, of Wellman, when he conveyed to the Littles, and of the latter when they conveyed to said President and Directors. The circumstance that Caster held under a conveyance from Wellman can make no difference; for had the complainant’s possession been under an unrecorded conveyance from Wellman, his possession would not have been, on that account, the less adverse to Wellman's title. In such cases there is no tenancy; but on the contrary, the grantee’s possession is hostile to any title which the grantor may afterwards set up to the land conveyed. Sumner v. Stephens, 6 Metcalf, 337. According to the common law, which, on the subject, is in force here, every grant of land except as a release, is void as an act of maintenance, if, at the time, the lands are in the actual possession of another person, claiming under a title adverse to that of the grantor. 4 Kent, 446. It follows that the conveyances now before us, which were executed during the complainant’s adverse possession, namely, the conveyance from Wellman to the Littles, and that from the latter to the said President and Directors, are void as respects the complainant, and were rightly set aside by the Circuit Court. But that part of the decree which vests the fee simple of the land in the complainant is erroneous.”
The decree so far as it set aside the aforesaid conveyances, and so far as if was for costs was affirmed. The residue of the decree was reversed.